UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE JOE DePRIEST, JR.,

    Petitioner,                                    Case No. 1:07-cv-1290

v                                                HON. JANET T. NEFF

KENNETH McKEE,

    Respondent.
_____/

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner argues that the Magistrate Judge erred in denying all of Petitioner's claimed grounds for relief, essentially reasserting his arguments in his petition (Pl. Obj., Dkt 27; R & R, Dkt 22). First, Petitioner argues that the Magistrate Judge erred in finding that Petitioner's convictions[1]

---

[1] Petitioner was convicted of assault with intent to commit murder, riot, and possession of a firearm during the commission of a felony (R & R at 1).

were supported by sufficient evidence. (Pl. Obj. at 1-3). With respect to his conviction for assault with intent to commit murder, Petitioner argues that there was no proof that he fired the shots, and even assuming there was, for the sake of argument, the evidence did not establish that he acted with the necessary intent. Petitioner points to evidence that would support contrary conclusions, including evidence of the distance between the crowd and the police, that shots were coming from several directions, and of the downward directional firing of the gun (Pl. Obj. at 2-3). Petitioner further claims that a lack of evidence that he intentionally aimed a firearm at the police constitutes voluntary abandonment as defined in *People v. Lilley*, 5 N.W. 982 (Mich. 1880) (Pl. Obj. at 2-3). Petitioner's argument is without merit.

The Magistrate Judge conducted an extensive review of the evidence in the case, setting forth a 20-page procedural history that included all the facts at issue (R & R at 3-23). The Magistrate Judge reviewed the evidence, as well as the state court findings, and noted that there was testimony by several witnesses that Petitioner had fired shots in the direction of the police, as well as testimony that witnesses had heard Petitioner threaten to shoot the police (R & R at 29-30). Applying the standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), the Magistrate Judge properly concluded that "the decision of the court of appeals that sufficient evidence supported the necessary intent to kill constituted a reasonable application of Supreme Court precedent" (R & R at 30).

Petitioner's initial complaint did not raise the issue of voluntary abandonment and as such, the Magistrate Judge did not address this issue. The Sixth Circuit Court of Appeals has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *Glidden Co. v. Kinsella*, 386 Fed. App'x 535, 544 n.2 (6th Cir. July 15, 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir.

1998). Since Petitioner asserts this argument for the first time at this stage of the case, his argument regarding voluntary abandonment is deemed waived.

Alternatively, even if this claim was not waived, Petitioner's argument would still be without merit. Because Petitioner's claim is based on state law, it is outside the scope of federal habeas review. As the Magistrate Judge noted, "[t]he AEDPA[2] limits the source of law to cases decided by the United States Supreme Court" (R & R at 25) (citing 28 U.S.C. § 2254(d)). The availability of abandonment as a defense in this case is a matter of state law that is not reviewable as part of Petitioner's habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (noting that "'federal habeas corpus relief does not lie for errors of state law'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).

Turning to Petitioner's convictions for riot and possession of a firearm during the commission of a felony, Petitioner does not point to any factual or legal error in the Magistrate Judge's findings regarding the sufficiency of the evidence to support these convictions. As a result, Petitioner has failed to satisfy the requirements for objections to the Magistrate Judge's Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2) (stating that a party may make *specific* written objections). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Because the Magistrate Judge fully addressed the issues, and because Petitioner has raised no specific objections to the Magistrate Judge's findings, Petitioner's objections as to these findings are denied.

---

[2]Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. NO. 104-132, 110 STAT. 1214 (1996).

Petitioner's next argument is that the Magistrate Judge erred in affirming the constitutionality of Petitioner's sentences (Pl. Obj. at 3; R & R at 31-35). Petitioner reasserts his argument that the sentencing guidelines were improperly scored and, therefore, that his sentences were based on inaccurate information (Pl. Obj. at 3). Petitioner's claim is without merit. Petitioner provides no detail as to what errors were made in scoring and identifies no materially false information used in scoring. The Magistrate Judge properly applied the standard articulated in *Doyle v. Scutt*, 347 F. Supp. 2d 474 (E.D. Mich. 2004) and found that "Petitioner's sentences clearly are not so disproportionate to the crime as to be arbitrary or shocking" (R & R at 33) (citing *Doyle*, 347 F. Supp. 2d at 485). The Magistrate Judge further noted that Petitioner did not "identify any factual information before the sentencing court that was materially false" (R & R at 33). The Magistrate Judge properly found that Petitioner had failed to satisfy the standard established in *U.S. v. Tucker*, 404 U.S. 443, 447 (1972), and held that Petitioner's sentence "was not based on an unreasonable determination of the facts" (R & R at 33-34). Petitioner's objection is denied.

In his remaining objections,[3] Petitioner simply restates the finding of the Magistrate Judge, expresses his disagreement with the Magistrate Judge's conclusions, and reasserts, in general terms, his previous arguments. He identifies no factual or legal error in the Magistrate Judge's Report and Recommendation. Upon review, the Court finds Petitioner's objections without merit.

---

[3]Petitioner's remaining objections renew his arguments that: (1) the trial court deprived him of due process and a fair trial by improperly referring to a "riot" during voir dire, refusing to sua sponte order a change of venue, giving incomplete and improper instructions to the jury, improperly allowing evidence of the victim's prior consistent statement, and denying his motion for a new trial; (2) he was denied due process and a fair trial by the prosecutor's misconduct; (3) the riot statute, MICH. COMP. LAWS § 752.541, is unconstitutionally vague; (4) he is entitled to a new trial based on the ineffectiveness of his trial counsel; (5) he is entitled to a new trial based on newly discovered evidence identifying someone else as the person who shot the victim; and (6) he is entitled to relief on the basis of cumulative error.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review of each individual claim, this Court finds that reasonable jurists would not find the Court's assessment of any of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied. To the extent that Petitioner's claims have been rejected on procedural grounds, the Court concludes that a certificate of appealability is also properly denied. Jurists of reason would not find debatable whether the petition states a valid claim of the denial of a constitutional right or whether the procedural rulings were correct. *See Slack,* 529 U.S. at 484.

A Final Order will be entered consistent with this Opinion.


Date: January 31, 2011  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge